IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FLOYD ROGERS, III** § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 3:12-CV-2458-M-BD |
| § | |
| **SHERIFF JOHNNY BROWN,** § | |
| **ET AL.** § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Plaintiff Floyd Rogers, III, appearing *pro se*, has filed a motion for entry of default judgment against all defendants in this civil rights action under 42 U.S.C. § 1983 on grounds that they did not timely file answers in this case.

**I.**

A defendant must serve an answer "within 21 days after being served with the summons and complaint[.]" FED. R. CIV. P. 12(a)(1)(A)(i). Here, defendants were served with the summons and complaint by the United States Marshal's Office on September 21, 2012. (*See* Doc. # 22). The twenty-first day fell on October 12, 2012, but the defendants' answer was filed on October 13, 2012. (*See* Doc. #19; *see also* FED. R. CIV. P. 5(b)(2)(C)). It was therefore technically late.

A "party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default". *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Federal courts generally should not enter a default

judgment when the defendant has filed an answer, even if untimely. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) (noting that the district court properly refused to grant default judgment for untimely filing of answer). Because the defendants filed an answer on October 13, 2012, plaintiff has shown no prejudice as a result of the technical default. In addition, no entry of default by the Clerk has occurred.

**II.**

Plaintiffs's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 6th day of November, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE