IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FLOYD ROGERS, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:12-cv-2458-M-BN |
| § | |
| SHERIFF JOHNNY BROWN, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and District Judge Barbara M.G. Lynn's August 22, 2013 order of reference. *See* Dkt. No. 71. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Plaintiff's Motion for Reconsideration, *see* Dkt. No. 84, and Plaintiff's Motion for Extension of Time to File Notice of Appeal, *see* Dkt. No. 78. Plaintiff's motion for reconsideration should be denied, and his motion to extend time should be granted.

**Background**

This is a civil rights action brought by Floyd Rogers, III, a Texas prisoner initially proceeding *pro se*, against Ellis County Sheriff Johnny Brown, an unnamed deputy sheriff, the lieutenant and two sergeants in charge of the Ellis County Detention Center, nine detention officers, and two employees of the jail's medical center. On July 20, 2012, Plaintiff tendered a complaint to the district clerk. The Court

ordered the Marshal's Service to serve process on Defendants James Hammonds, Kenneth Merry, Wendy Hammonds, Danny Sellers, Johnny Brown, Tommie Eberthart, Amie Buchanan, and Bobby Cooper, pursuant to Federal Rule of Civil Procedure 4(c)(3); however, the Court was unable to identify and order service upon the unnamed deputy sheriff, five individuals referred to as "John Doe" detention center officers, and the two individuals referred to as "Jane Doe" employees of the medical staff of the Ellis County Detention Center.

Adopting the Findings, Conclusions, and Recommendation of the undersigned, Judge Lynn granted summary judgment as to Plaintiff's claims for denial of medical care and as to all allegations against Sheriff Brown, the unnamed deputy sheriff, Lieutenant Eberthart, Sergeant Buchanan, and Sergeant Cooper. *See* Dkt. Nos. 69 & 71; *see also Rogers v. Hammonds*, No. 3:12-cv-2458-M, 2013 WL 4494522 (N.D. Tex. Aug. 22, 2013). The Court entered a Federal Rule of Civil Procedure 54(b) judgment dismissing those claims on August 22, 2013. *See* Dkt. No. 72. The Court denied summary judgment regarding Plaintiff's excessive force claims against Defendants James Hammonds, Kenneth Merry, Wendy Hammonds, and Danny Sellers and re-referred the case to the undersigned for appointment of counsel from the civil pro bono panel to assist Plaintiff prosecuting his remaining claims and for further pretrial management pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 71.

At a September 30, 2013 status conference, counsel for Plaintiff expressed interest in filing a Federal Rule of Civil Procedure 59(e) or 60 motion or notice of appeal to revisit the claims that the Court dismissed on summary judgment. Because

Federal Rule of Civil Procedure 6(b)(2) does not allow the Court to grant an extension of time for motions under Rule 59(e), Plaintiff now seeks an extension of time to file a notice of appeal of the Court's August 22, 2013 order. *See* Dkt. No. 78. Defendants oppose this motion, urging that Plaintiff's notice of appeal of the Court's judgment for Defendants on the issue of qualified immunity is meritless and would only result in unnecessary attorney fees and costs. *See* Dkt. No. 82 at 3.

Additionally, Plaintiff, now represented by appointed counsel, seeks reconsideration of the Court's order and judgment granting summary judgment as to certain claims and defendants. He urges that his claims against Sheriff Johnny Brown created a fact issue concerning that defendant's failure to train and supervise employees; that his allegations of denial of medical care against Lieutenant Eberthart and Nurse Kate were improperly dismissed; that he stated a valid claim against Sergeants Buchanan and Cooper for failing to intervene; and that the Court failed to properly analyze conspiracy claims against Sergeants Buchanan and Cooper. Finally, Plaintiff appears to seek clarification of the Court's summary judgment ruling as to certain unnamed defendants.

## Analysis

**Motion for Reconsideration**

Turning first to Plaintiff's Motion for Reconsideration [Dkt. No. 84], for the reasons explained herein, the undersigned concludes that this motion should be denied.

<u>Chief Brown</u>

Initially, Plaintiff contends that the Court erred in granting summary judgment

as to his claims against Chief Brown. The Court dismissed all claims against Chief Brown, finding that he did not participate in acts that caused a constitutional deprivation or implement a policy, custom, or practice that sanctions or condones the alleged excessive force or deliberate indifference alleged in Plaintiff's complaint. *See Rogers*, 2013 WL 4494522, at *5. Plaintiff asserts that there is a genuine issue of material fact as to whether the informal "One Step Further" policy and lack of a formal use of force policy was unconstitutional. *See* Dkt. No. 84 at 16-19. That is, he asserts that his constitutional rights were violated due to the lack of a policy requiring a supervisor to be present prior to the use of force or for video recording of the incident.

Plaintiff did allege in his complaint that Sheriff Brown "is ultimately responsible for the development and [implementation] of policy (or lack thereof) and for the supervision and control of the Ellis County Detention Center and all personnel working therein," Dkt. No. 3 at 5-6; failed "to incorporate and enforce a use of force policy or create standard operating procedures for said policy to protect prisoners from malicious and sadistic use of force by jailers," *id.* at 19; and was "deliberately indifferent in the training, supervision, and control of subordinates for the safety of PC prisoners" and in the use of force, *id.* at 19-20; *see also* Dkt. No. 9 at Questions 1(b) & 3.

"A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992). A supervisor may also be liable for failure to supervise or train if: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure

to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.,* 571 F.3d 388, 395 (5th Cir. 2009).

But, to establish Sheriff Brown's liability, Plaintiff must allege and establish that the violation of his constitutional rights <u>resulted</u> from Sheriff Brown's deliberate indifference in failing to promulgate policy and failure to train or supervise the jail's employees. *See, e.g., Porter v. Epps,* 659 F.3d 440, 446-47 (5th Cir. 2011). Conclusory allegations that a supervisor created a policy or custom under which unconstitutional practices occurred – standing alone – are insufficient to establish supervisory liability. *See Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002); *see also Thompkins v. Belt,* 828 F.2d 298, 305 (5th Cir. 1987).

Here, Plaintiff's allegations of excessive force against defendants James Hammonds, Kenneth Merry, Wendy Hammonds, and Danny Sellers are essentially that these individuals viciously assaulted him without provocation or in retaliation for his grievance against James Hammonds. *See* Dkt. No. 3 at 12-13, 15-17; Dkt. No. 9 at Questions 7-10. He does not allege in his complaint or interrogatory responses the type of unconstitutional conduct that could have been prevented by a "use of force" policy requiring the presence of a supervisor or video recording; instead, he alleges an unprovoked attack unconnected to his own wrongdoing. That is, he does not allege that the assaults could have been prevented by a different policy instituted by Chief Brown. There is simply no causal link alleged between Chief Brown's conduct and the excessive force that Plaintiff claims occurred.

Plaintiff relies heavily on the United States Court of Appeals for the Eleventh Circuit's decision in *Valdes v. Crosby*, 450 F.3d 1231 (11th Cir. 2006), but, even if that decision were binding on this Court, Plaintiff's reliance is unavailing. The Eleventh Circuit there held that "[a] causal connection may be established when: 1) a 'history of widespread abuse' puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1237.

Plaintiff does not allege this third possibility, and, unlike the evidence at issue in *Valdes*, Plaintiff does not even argue that he has brought forward evidence to establish a genuine dispute of material fact as to any "history of widespread abuse" – which Plaintiff does not even allege. *Compare id.* at 1243-44 ("We find that all of this evidence, when taken together, is more than adequate to entitle Mario Valdes to proceed to trial and show that inmate abuse at the hands of guards was not an isolated occurrence, but rather occurred with sufficient regularity as to demonstrate a history of widespread abuse at FSP."); *accord Horton v. Bowles*, 68 F.3d 467 (table), 1995 WL 581575, at *6 (5th Cir. 1995) ("Generally, the failure to supervise gives rise to section 1983 liability only in those situations in which there is a history of widespread abuse. Then knowledge may be imputed to the supervisory official, and he can be found to have caused the later violation by his failure to prevent it." (internal quotation marks omitted)). Rather, Plaintiff, at most, points to one other alleged incident involving

another inmate. *See* Dkt. No. 84 at 17; Dkt. No. 96 at 7. *Valdes*, therefore, does not support Plaintiff's assertions that his "verified pleadings from his own personal knowledge that the past use of excessive force abuses of inmates have gone unpunished is sufficient to create a fact issue as to whether there is a pattern of abuse that is exacerbated by the Sheriff's failure to institute a formal use of force policy or using cameras to monitor instances where force is used" or that "[t]he very lack of such a policy sends a message to officers that the administration will permit further abuses of inmates and makes it difficult for inmates to substantiate and corroborate such incidents." Dkt. No. 96 at 7; *see also* Dkt. No. 84 at 17 ("Much like the *Valdes* case cited by Plaintiff in his pleadings, when past abuses of inmates went unpunished and the Sheriff chose to refrain from instituting a formal use of force policy or using cameras to monitor instances where force is used, the administration sent a message to officers that it would permit further abuses of inmates.").

Accordingly, the Court correctly granted summary judgment as to Chief Brown.

<u>Denial of Medical Care Claims</u>

Plaintiff next urges the Court to reconsider the grant of summary judgment on his claims of denial of medical care against Lieutenant Tommie Eberthart and Nurse Kate, since these defendants were responsible for denying him a crutch and pain medication for his broken foot and making him walk on the broken foot unassisted before and during his transfer to another facility. *See* Dkt. No. 84 at 19-22. The Court held that such claims raised no genuine dispute of material fact, since the brief denial of assistance occurred immediately before and during his transport to the Texas

Department of Criminal Justice, where he received medical care. *See Rogers*, 2013 WL 4494522, at *8. Although Plaintiff contends that there is a fact issue as to whether the delay in care caused substantial harm, *see* Dkt. No. 84 at 19 & 22, he has not stated a claim for deliberate indifference. It is only "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind" that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976); *see also Farmer v. Brennan,* 511 U.S. 825, 835 (1994). Further, Plaintiff must establish that the defendants possessed a culpable state of mind. *See Wilson v. Seiter,* 501 U.S. 294, 297-302 (1991); *Farmer*, 511 U.S. at 838-47.

Plaintiff does not allege that Lieutenant Eberthart or Nurse Kate purposely engaged in the type of repugnant conduct or recklessly ignored a substantial risk of harm in a way that meets the "extremely high standard" required to establish deliberate indifference. *See Domino v. Tex. Dept. of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001). At most, he alleges facts to establish that the two defendants negligently permitted his August 2 transport without a crutch and pain medication, which exacerbated the injuries that he had received during the incidents on July 27 and August 1. To satisfy the exacting deliberate indifference standard, constituting cruel and unusual punishment under the Constitution rather than simply a tort by prison officials, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell,* 463 F.3d 339, 351 (5th Cir. 2006).

Plaintiff has not stated a claim for such conduct, and the Court correctly granted summary judgment as to these allegations.

Failure to Intervene Claims against Sergeant Buchanan and Sergeant Cooper

Plaintiff next urges the Court to revisit summary judgment as to claims against Sergeants Buchanan and Cooper, since a liberal construction of the complaint suggests both defendants' personal failure to intervene. *See* Dkt. No. 84 at 22-25. The Court is required to give pleadings by a *pro se* plaintiff a liberal construction; however, the Court is not required to invent, out of whole cloth, arguments and claims on behalf of a *pro se* plaintiff. *See Jones v. Alfred,* 353 F. App'x 949, 952 (5th Cir. 2009). Here, Plaintiff raised conclusory allegations that Sergeants Buchanan and Cooper failed to intervene in the actions of their subordinates. *See* Dkt. No. 3 at 7. However, in setting forth this alleged failure to intervene, the specific conduct asserted by Plaintiff was comprised of the failure to properly respond to grievances that he had raised and the defendants' creation of an incident report with which he disagrees. *See* Dkt. No. 3 at 14, 18-19, 21, 24.

To confirm that Plaintiff's claims against these defendants were comprised of the acquiescence in misconduct by subordinates or failure to take corrective action in response to grievances, the Court sent interrogatories. Plaintiff's questionnaire responses again concerned the officers' failure to respond to his grievances and conduct in preparing a "false report." *See* Dkt. No. 9 at Questions 5 & 6.

This is insufficient to state a claim for deliberate indifference. *See, e.g.*, *Milazzo v. Young,* No. 6:11-cv-350, 2011 WL 6955710, at *4 (E.D. Tex. Dec. 11, 2011), *rec. adopted*, 2012 WL 28102 (E.D. Tex. Jan. 4, 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)) (supervisors not liable merely because they know of or acquiesced in

misconduct by a subordinate); *see also Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (supervisors not responsible for the constitutional violations of their subordinates or for failing to take corrective action in response to grievances). Plaintiff also claims that Cooper and Buchanan did not accurately report the incidents in question. *See* Dkt. No. 9 at Questions 5 & 6. This, too, is insufficient to state a claim for deliberate indifference. *See, e.g.*, *Ballard v. Hedwig Vill. Police Dep't*, 408 F. App'x 844, 846 (5th Cir. 2011).

To the extent that Plaintiff contends that Sergeant Cooper and Buchanan personally witnessed Wendy Hammonds "laughing and encouraging the Max Security inmates against Plaintiff," *see* Dkt. No. 9 at Questions 5 & 6, his factual allegations do not state a claim for failure to intervene. To support such a case, Plaintiff must establish that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998); *see also Farmer,* 511 U.S. at 834. A cause of action for failure to intervene requires proof that an official is both "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff's complaint alleges only that he "watched Ofc. Wendy Hammonds point at and converse about plaintiff with Sgt. Cooper, and an unknown female officer.... Plaintiff watched through the various cell windows as Ofc. Wendy Hammonds encouraged the Max inmates to the point of making threats of harm and death directed at Plaintiff." *See* Dkt. No. 3 at 14. These speculative and conclusory claims do not suggest that

Cooper and Buchanan had any specific knowledge of imminent danger or themselves possessed the subjective intent to cause him harm. *See Mace v. City of Palestine,* 333 F.3d 621, 626 (5th Cir. 2003) ("Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm").

Accordingly, the Court correctly granted summary judgment.

<u>Conspiracy Claims against Sergeant Buchanan and Sergeant Cooper</u>

Plaintiff next seeks reconsideration of the Court's dismissal of conspiracy claims against Sergeants Buchanan and Cooper, whom he contends conspired to conceal the excessive force by other officers by refusing to take pictures of his injuries and making false statements on incident reports. *See* Dkt. No. 84 at 23-24 & 25-26. A conspiracy claim requires an allegation that the defendants "entered into an agreement to commit an illegal act and a plaintiff's constitutional rights must have been violated." *Tebo v. Tebo,* 550 F.3d 492, 496 (5th Cir. 2008). Conclusory accusations of conspiracy, however, do not state a claim under 42 U.S.C. § 1983 unless Plaintiff supports his allegations with material facts. *See Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994).

Plaintiff simply offers vague, conclusory, and unsubstantiated allegations of a conspiracy to cover up the use of excessive force. These allegations are insufficient to support his claim. Additionally, his disagreement with the version of events found in the incident reports is insufficient, without more, to establish a genuine issue of material fact. *See Ballard,* 408 F. App'x at 846.

Accordingly, Plaintiff's conspiracy claims fail as a matter of law.

<u>Unnamed Defendants</u>

Plaintiff seeks clarification of the Court's summary judgment order, urging that since none of the unnamed defendants have appeared and moved for summary judgment, no claims against them could have been dismissed. However, under 28 U.S.C. § 1915(e), the Court is permitted to screen an *in forma pauperis* complaint and summarily dismiss any claim for which the Plaintiff fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also, e.g.*, *Richardson v. One Black Female Corr. Officer,* 64 F. App'x 418 (table), 2003 WL 1529625 (5th Cir. 2003) (affirming summary dismissal of claim against unnamed defendant for failure to state cognizable claim); *see also Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from grant of appearing defendants' summary judgment motion and explaining that "where a defending party establishes that plaintiff has no cause of action ... this defense generally inures also to the benefit of a defaulting defendant"). Here, the Court granted summary judgment as to Plaintiff's claims for denial of medical care and as to all allegations against Sheriff Brown, the unnamed deputy sheriff, Lieutenant Eberthart, Sergeant Buchanan, and Sergeant Cooper. *See Rogers,* 2013 WL 4494522, at *1. No further clarification is required at this time.

**Motion for Extension of Time to File Notice of Appeal**

Although the undersigned concludes that Plaintiff's Motion for Reconsideration [Dkt. No. 84] is without merit, Plaintiff's Motion for Extension of Time to File Notice of Appeal [Dkt. No. 78] should be granted.

A notice of appeal in a civil case must be filed with the district clerk "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). However, a district court may extend the time for filing a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A). The Federal Rules provide that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED. R. APP. P. 4(a)(5)(C).

The Rule 54(b) judgment in this case was entered on August 22, 2013. Therefore, Plaintiff's notice of appeal was due no later than September 23, 2013. Counsel was appointed on August 29, 2013. *See* Dkt. No. 73. A status conference was held on September 30, 2013 at which time Plaintiff's counsel indicated her intent – at the time unopposed – to file a motion under Rule 59(e) or Rule 60 or notice of appeal. Having further considered Plaintiff's options, counsel sought an extension to time to file a notice of appeal and subsequently also filed a motion for reconsideration. In support of the request for additional time to file a notice of appeal, Plaintiff cites the extensive procedural history of the case, which includes Plaintiff's *pro se* status throughout the screening process and litigation of Defendants' qualified immunity defense, and the representations of Defendant and the Court at the September 30, 2013 status

conference. *See* Dkt. No. 78.

As Plaintiff notes, "[e]xcusable neglect is intended and has proven to be quite elastic in its application .…In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Orthoflex, Inc. v. ThermoTek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2013 WL 3213311, at *2 (N.D. Tex. June 26, 2013) (quoting *Mattress Giant Corp. v. Motor Adver. & Design Inc.,* No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008)) (construing FED. R. CIV. P. 6(b)(1)(B)). Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith." *Id.* (quoting *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995)).

Considering the history of this case and the conduct of Plaintiff and his appointed counsel, the undersigned believes that his excuse constitutes "good cause" for an extension of time. The request is clearly not brought in bad faith or for purposes of delay. Accordingly, Plaintiff's motion for extension of time to file a notice of appeal [Dkt. No. 78] should be granted. Plaintiff should be granted an extension of time of 14 days from the date upon which the Court grants the motion to file his notice of appeal.

## Recommendation

Plaintiff's Motion for Reconsideration [Dkt. No. 84] should be denied; Plaintiff's Motion for Extension of Time to File Notice of Appeal [Dkt. No. 78] should be granted; and Plaintiff should be granted an extension of time of 14 days from the date upon which the Court grants the motion to file his notice of appeal.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 10, 2014

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE