IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLOYD ROGERS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2458-M-BN |
| | § | |
| SGT. AMIE BUCHANAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Floyd Rogers III has filed an opposed Amended Motion for Leave to File Second Amended Complaint. *See* Dkt. No. 122. Plaintiff seeks to amend his operative complaint to identify certain "Doe" defendants and add an additional defendant. Defendants oppose the motion to amend. *See* Dkt. No. 124.

For the reasons explained below, the Court GRANTS Plaintiff's Amended Motion for Leave to File Second Amended Complaint [Dkt. No. 123].

**Legal Standards**

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in a scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by

[Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2)."). Here, Plaintiff has filed his motion within the deadline that the Court set, *see* Dkt. No. 121 at 1, and so Federal Rule of Civil Procedure 15(a)(2) applies to govern the Court's analysis.

Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a

dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

## Analysis

Defendants oppose leave on the ground that adding the new defendants or newly named defendants in place of "Doe" defendants would be futile because any 42 U.S.C. § 1983 claims against the new defendants would be time-barred and neither Federal Rule of Civil Procedure 15(c)(3)'s relation-back doctrine nor equitable tolling applies. *See* Dkt. No. 124. Plaintiff concedes that Rule 15(c)(3)'s relation-back doctrine does not apply to an amended complaint to identify Doe defendants but asserts that the doctrine of equitable tolling and the discovery rule apply to toll the statute of limitations for Plaintiff's claims against the new defendants. *See* Dkt. No. 125 at 4.

The United States Court of Appeals for the Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, the Court must apply the same standard as applies under Federal Rule of Civil Procedure 12(b)(6). *See id.* And, while the general rule is that the Court should not dismiss a complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, the Court "need not permit futile amendments." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011).

Equitable tolling is a limited exception to the Court's enforcing a statute of limitations and must be pleaded in a complaint. *See Jones v. Alcoa, Inc.*, 339 F.3d 359,

266 (5th Cir. 2003). Plaintiff has not specifically pleaded equitable tolling in his proposed amended complaint, but Plaintiff has provided extensive discussion of the grounds on which tolling should apply in his briefing and argues that resolving the limitations issues should be handled on a Federal Rule of Civil Procedure 56 summary judgment motion and not a Rule 15 motion to amend. *See* Dkt. No. 125; *see generally Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998).

The Court agrees. A merits-based analysis of a fact-intensive defense such as equitable tolling here is best undertaken in the context of a Rule 56 motion. *See generally Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer."). Although courts have addressed equitable tolling in the context of a Rule 15 futility analysis, courts have also held that, because the question whether a party is eligible for equitable tolling generally requires consideration of evidence beyond the pleading, the question is not generally well-suited to being resolved on a Rule 12(b)(6) motion. *See Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 652 (S.D. Tex. 2011). That observation applies equally to a Rule 15(a)(2) futility analysis. *See generally Stripling*, 234 F.3d at 873.

Given the case law in this district and the nature of Rule 15(a)(2)'s broad directive in favor of leave to amend and the nature of an equitable tolling analysis, the

Court concludes that Defendants' allegations of futility present no substantial reasons that warrant denying Plaintiff's motion for leave and that Defendants' assertion that claims against the new defendants are time-barred are better addressed on a motion for summary judgment. *See* FED. R. CIV. P. 15(a)(2); *Dussouy*, 660 F.2d at 598. And the Court finds that, under the circumstances here, where Plaintiff extensively discusses equitable tolling and the discovery rule in his motion and reply in support of his request for leave to amend, it makes little sense to preclude a later decision on the merits of any limitations defenses simply because Plaintiff's proposed complaint attached to his motion for leave does not specifically plead equitable tolling or the discovery rule. But Plaintiff must plead any grounds for equitable tolling or the discovery rule – as argued in his briefing in support of his motion for leave – in the second amended complaint that he files based on the Court's leave in this order.

## Conclusion

The Court GRANTS Plaintiff's Amended Motion for Leave to File Second Amended Complaint [Dkt. No. 122]. Plaintiff shall file his Second Amended Complaint, consistent with this opinion, by **September 15, 2014**.

SO ORDERED.

DATED: September 9, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE