IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLOYD ROGERS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2458-M-BN |
| | § | |
| SGT. AMIE BUCHANAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated March 27, 2015 [Dkt. No. 175], and the objection filed by Plaintiff Floyd Rogers, III [Dkt. No. 176], to which no response was filed, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are generally correct, and they are accepted in part with the following modification.

The magistrate judge recommended that as to the Excessive Force – Failure to Intervene claim against Defendants Officer Bobby Runnels and Officer Benjamin Parten, the Court should grant Officers Runnels and Parten summary judgment as to their affirmative defense of qualified immunity and the claim of Excessive Force – Failure to Intervene against Officer Parten and Officer Runnels should be dismissed. *See* Dkt. No. 16-17, 25. This recommendation was the sole basis for Plaintiff's objection. *See* Dkt. No. 176.

To recount briefly, Plaintiff alleges that it is unclear which defendant – Officer Runnels or Officer Parten – tasered him after he was already restrained by Officer James Hammonds (a defendant named in the original complaint) on July 27, 2010. Plaintiff believes that Officer Runnels tasered him after he was already restrained. But Officer Parten has taken credit for tasering Plaintiff. As to this incident, Plaintiff urges that he has alleged enough factual information to establish that the non-tasering officer (whether that officer was Defendant Runnels or Defendant Parten) had a reasonable opportunity to intercede and prevent the excessive force of the tasering officer. Plaintiff, moreover, argues that both Officer Runnels and Officer Parten were in a position to intervene, but failed to intervene, to prevent excessive force by Officer Hammonds. The Court previously denied Officer Hammonds's motion for summary judgment on his affirmative defense of qualified immunity as to Plaintiff's excessive force claim. *See* Dkt. Nos. 69 & 71. The Court agrees with Plaintiff, and his objection is sustained.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted in part. The pending motion for summary judgment on the issue of qualified immunity [Dkt. No. 145] is **GRANTED** in part and **DENIED** in part. Defendant Officer J. Pillow is granted qualified immunity as to Plaintiff's claim that he used excessive force against Plaintiff in violation of 42 U.S.C. § 1983, and that claim as against this defendant is dismissed. Defendants Officer Chris Coffey, Nurse Kate, and Med Tech all are granted qualified immunity as to Plaintiff's claim that they failed to take reasonable measures

to protect Plaintiff from another's use of excessive force, in violation of Section 1983, and that claim as against these defendants is dismissed. Otherwise, the motion is denied.

SO ORDERED this 28 day of May, 2015.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE