IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FLOYD ROGERS, III,                    §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:12-cv-2458-M-BN
                                      §
SGT. AMIE BUCHANAN, ET AL.,           §
                                      §
            Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge Barbara M.G. Lynn. The undersigned

issues the following findings of fact, conclusions of law, and recommendation as to

certain defendants' Motion for Summary Judgment on the Issue of Statute of

Limitations [Dkt. No. 142].

**Background**

The general factual background and lengthy procedural history of this action has

been set out in the Court's previous decisions, *see Rogers v. Hammonds*, No. 3:12-cv-

2458-M, 2013 WL 4494522 (N.D. Tex. Aug. 22, 2013); *Rogers v. Brown*, No. 3:12-cv-

2458-M, 2014 WL 572376 (N.D. Tex. Feb. 13, 2014); *Rogers v. Brown*, No. 3:12-cv-2458-

M, 2014 WL 572384 (N.D. Tex. Feb. 13, 2014); *Rogers v. Buchanan*, No. 3:12-cv-2458-

M, 2014 WL 4449800 (N.D. Tex. Sept. 9, 2014); *Rogers v. Buchanan*, No. 3:12-cv-2458-

M, 2015 WL 3439145 (N.D. Tex. Mar. 27, 2015), *rec. adopted as modified*, 2015 WL 3504518 (N.D. Tex. May 28, 2015), and the Court need not repeat it here. But, for present purposes, the Court notes that, in this action – initiated when the original *pro se* complaint was placed into the prison mail system on July 17, 2012 – Plaintiff alleges claims of (1) excessive use of force, (2) excessive force – failure to intervene, (3) and conspiracy, all in violation of 42 U.S.C. § 1983, against various detention officers and other employees at the Ellis County Detention Center ("ECDC"), based on events that occurred at the jail on July 27, 2010 and August 1, 2010. *See* Dkt. No. 133.

Before launching into the summary judgment issue now before the Court – whether Plaintiff's claims against six defendants are barred by the statute of limitations – Plaintiff has made clear, through his response brief, *see* Dkt. No. 190 at 1 n.1, as clarified by his counsel at oral argument held before to the undersigned on July 16, 2015, that he wishes to voluntarily dismiss the remaining claims, for conspiracy under 42 U.S.C. § 1983, against Defendants Jane Doe #1 ("Nurse Kate") and Jane Doe #2 ("Med Tech"). Defendants' counsel expressed no opposition to this voluntary dismissal at oral argument. As such, the undersigned recommends that the Court dismiss the remaining claims against Nurse Kate and Med Tech pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiff's original complaint [Dkt. No. 3] named as defendants five John Doe Detention Center Officers. On July 25, 2014, Plaintiff moved to file a second amended complaint in which (1) he identifies the five John Doe Detention Center Officers by name – Officer Bobby Runnels, Officer Cory Poe, Officer Craig Campise, Officer J.

Pillow, and Officer Chris Coffey – and (2) adds a new defendant, Officer Benjamin Parten. *See* Dkt. No. 123. The Court granted Plaintiff leave to file the second amended complaint on September 9, 2014, *see* Dkt. No. 130, and that complaint was docketed on September 15, 2014, *see* Dkt. No. 133.

The six defendants identified or named for the first time in the second amended complaint now move for summary judgment as to their contention that Plaintiff's claims against them are barred by the statute of limitations. The undersigned now concludes that the Motion for Summary Judgment on the Issue of Statute of Limitations [Dkt. No. 142] should be denied.

## Legal Standards

Claims under 42 U.S.C. § 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("our cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

While the applicable two-year limitations period for this action is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549

U.S. 384, 388 (2007)). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

A plaintiff seeking to substitute a named defendant for a John Doe defendant named in a complaint may not utilize Federal Rule of Civil Procedure 15(c) "because 'an amendment to substitute a named party for a John Doe does not relate back under rule 15(c).'" *Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 840 (W.D. Tex. 2014) (quoting *Whitt v. Stephens County.*, 529 F.3d 278, 283 (5th Cir. 2008)). Instead, Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). Therefore, where subsequently-identified defendants are substituted for John Doe defendants – or where new defendants are first named – after the limitations period has run, the Court generally must find that the limitations period should be equitably

-4-

tolled.

Because the Texas statute of limitations is borrowed in Section 1983 cases, "Texas's equitable tolling principles control this litigation." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam) (citing *Rotella v. Pederson*,144 F.3d 892, 897 (5th Cir. 1998)); *see also Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the doctrine sparingly." *Myers*, 464 F. App'x at 349 (citations and internal quotation marks omitted); *but see Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly.").

For example, in the context of identification of defendants, the Fifth Circuit has affirmed a "determin[ation] that equitable tolling is not warranted" where a plaintiff did not explain "the efforts that he made to secure the identification of the defendants within the two-year limitations period, or afterwards" and, therefore, "failed to establish that he actively pursued his judicial remedies or otherwise acted diligently." *Myers*, 464 F. App'x at 349 (citing *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. – Dallas 2005); *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999)). In *Bailey*, the

Dallas Court of Appeals held that "[e]quitable tolling applies in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." 154 S.W.3d at 920 (citations omitted). And in *Perez*, the Fifth Circuit examined the equitable tolling standard in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), which the Court of Appeals concluded "indicates equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence." 167 F.3d at 917; *see also Irwin*, 498 U.S. at 96 ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.").

The discovery rule, however, "is an accrual rule for the applicable statute of limitations – not a tolling rule – and simply defers the accrual of a cause of action." *Shelby*, 577 F. App'x at 331 (admonishing parties not to "confuse[] tolling and accrual rules for statute of limitations," given the distinction in which law – state or federal – governs, and then citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) ("The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence should have known of the facts giving rise to the cause of action.")).

## Analysis

Discovery Rule – Officer Parten

Plaintiff argues that, because he did not discover that Officer Parten was involved in the July 27, 2010 incident until Parten submitted an affidavit in support of a previous motion for summary judgment on qualified immunity, this revelation

> is newly discovery evidence, of which Plaintiff was previously unaware, despite his efforts to gather information prior to filing this lawsuit. Plaintiff only discovered the cause of action against Parten as of December 5, 2012. Therefore, application of the discovery rule applies to toll limitations as to the [claim against Officer Parten,] and Plaintiff's claim against him is timely.

Dkt. No. 190 at 10.

Although Plaintiff characterizes the discovery rule as tolling the statute of limitations as to his claim against Officer Parten, as stated above, the discovery rule simply defers the accrual of a cause of action. But this appears to be what Plaintiff intends – that his cause of action against Officer Parten accrued on December 5, 2012, because before then he did not know that Officer Parten was involved in the July 27, 2010 incident.

As discussed above, "[t]he federal standard used to determine the accrual of a section 1983 cause of action is that the cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1138 (5th Cir. 1986) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)); *accord Walker*, 550 F.3d at 414; *Shelby*, 577 F. App'x at 331-32. When a Section 1983 plaintiff knows or has reason to know of an injury and

the cause of that injury – such as arrest by police officers that he believes to be wrongful or use of force by prison guards that he believes to be excessive – the limitations period begins, and he acquires a duty to fully investigate his claims. Simply because a plaintiff later learns – in pursuing his investigation, for example – that a particular defendant also may be liable for his harm does not restart the limitations period as to that defendant. A decision by the Fifth Circuit clearly demonstrates this principle:

> The fact that the Longorias took all of this action after the first flood and before the second clearly establishes that they knew of their injury, and were on notice of its cause, at the occurrence of the first flood.... [W]e reject the Longorias' argument here that the statutory period was tolled until they learned through a newspaper article of possible wrongdoing by this defendant. They were on ample notice after the first flood that it would be appropriate to investigate the possibility of fraud. At that point, the limitations period began to run and the Longorias acquired a duty to exercise reasonable diligence to discover their cause of action. The argument that the statutory period is tolled until the plaintiff learns that the defendant's conduct may have been wrongful finds no support in the relevant case law.

*Longoria*, 779 F.2d at 1139 (citing *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1366 (5th Cir. 1984))).[1]

---

[1] *See also Brown v. Walraven*, 9 F.3d 1546, 1993 WL 503349, at *2-*3 (5th Cir. Nov. 17, 1993) (per curiam) ("Brown argues on appeal ... that he was not aware of his cause of action at the time of his arrest because he did not know at that time that the defendants were acting without jurisdiction or authorization. He contends that he did not have knowledge of any wrongful acts by the defendants until the date of his criminal trial, when testimony revealed their tainted authorization. This argument fails. Brown knew that he was injured when he was arrested and prosecuted, and the statute of limitations began to run in 1988." (citing *Longoria*, 779 F.2d at 1139)); *Finwall v. City of Chicago*, 490 F. Supp. 2d 918, 923 (N.D. Ill. 2007) ("Finwall's argument that his claims against Garcia and Boyd are timely under the discovery rule is unfounded: although he may not have learned the specifics of the detectives' alleged fabrication of evidence until their depositions, he knew at the time of his arrest that no probable cause existed." (citations omitted)); *Revell v. Port Auth. of N.Y. & N.J.*, Civ. A. No.

Because Plaintiff was aware that he was injured on July 27, 2010, allegedly through the use of excessive force by officers at the Ellis County jail, the limitations period began to run, and he acquired – on that date – the duty to investigate as to all potential defendants who could be responsible. As such, the discovery rule did not operate to defer Plaintiff's cause of action against Officer Parten to December 5, 2012.

While the Court should find that the discovery rule did not defer the accrual of Plaintiff's claims against Officer Parten, it should consider whether the limitations period applicable to those claims should be equitably tolled.

<u>Equitable Tolling – Officers Runnels, Poe, Campise, Pillow, Coffey, and Parten</u>

The parties agree that, absent equitable tolling of the statute of limitations, the claims against Officers Runnels, Poe, Campise, Pillow, and Coffey are barred and should be dismissed. Consistent with the undersigned's recommendation as to Officer Parten, the claims against this defendant also accrued in Summer 2012, and, absent equitable tolling of the statute of limitations, those claims are also barred.

---

06-402 (KSH), 2007 WL 2462627, at *4 n.4 (D.N.J. Aug. 27, 2007) ("Notably, the focus of a discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others. Knowledge of the exact identity of who caused the injury is not required. The Court has found no cases which instructs it to extend the tolling of the statue of limitations simply because a plaintiff knew that his injury was caused by the fault of another, but did not know their exact identity. Accordingly, the discovery rule would not apply to plaintiff's proposed claim against Lieutenant Burns. The plaintiff does not contend that he was unaware that he was injured. To the contrary, plaintiff recognized his alleged injury and filed a timely lawsuit against defendants Port Authority and Officer Erickson. Although the exact identity of others who might have caused his injury, such as Lieutenant Burns, might have become known shortly before and again confirmed after the statute of limitation ran, the case law makes clear that the focus of the discovery rule is on recognition of the injury and not those who allegedly caused it." (citations and internal quotation marks omitted)).

Defendants' arguments for why Plaintiff is not entitled to equitable tolling focus on Plaintiff's failure to explain why he did not file his lawsuit earlier and, moreover, his failure to demonstrate that he diligently pursued his claims. In support of this alleged lack of diligence, Defendants contend that

> [i]t is well established in the Northern District of Texas that a claimant attempting to add a defendant in place of a John Doe defendant outside the statute of limitations is not entitled to any form of equitable tolling where the plaintiff waits until near the end of the statute of limitations period to file suit, thus not allowing adequate time to discover the identity of the John Doe defendant.

Dkt. No. 143 at 11.

Indeed, cases from the Fifth Circuit and this Court illustrate that, when a Section 1983 plaintiff has sued a John Doe defendant, the statute of limitations generally may be equitably tolled to allow amendment of a complaint – to name a defendant previously sued as a John Doe – after the limitations period has run if the plaintiff filed suit with sufficient time left in the limitations period to conduct identification discovery. The leading case in this circuit in that regard is *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007) (per curiam). Plaintiff Green was a model of timely diligence and persistence. As recounted by the court in *Amin-Akbari*:

> Green, a prison inmate sued a John Doe correctional officer. [260 F. App'x] at 718. The district court denied Green's request to conduct discovery to identify the officer before the limitations period had run. *Id.* The district court then later dismissed Green's case when, after discovering the name of the officer, he amended his complaint accordingly. The district court found that the claims did not relate back under Federal Rule of Civil Procedure 15(c). *Id.* On appeal, the Fifth Circuit found that because the information to identify John Doe should have been relatively easily discovered, the District Court erred in denying Green the opportunity to conduct discovery, and the statute of limitations

was equitably tolled. *Id.* The Fifth Circuit found there was no need for the claim to relate back because the statute of limitations had been equitably tolled. *Id.* The Fifth Circuit recognized that the use of the "John Doe" is appropriate when a party needs to "conduct discovery backed by the authority of the court.... [I]t serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Id.* The Fifth Circuit distinguished this case from *Jacobsen[ v. Osborne*, 133 F.3d 315 (5th Cir. 1998)] because the delays in *Jacobsen* were due entirely to the actions of the Plaintiff:

> Plaintiff had the assistance of discovery [in *Jacobsen*] but failed to take advantage of that power and depose witnesses in a timely manner that would have allowed him to identify the "John Doe" and amend his complaint. *Green*, in contrast, sued almost eleven months before the running of the statute and, given the specificity of knowledge he had, if he had not been denied discovery he would have had sufficient time to identify the officer and amend his complaint under rule 15(a) without need to relate back under rule 15(c).

52 F. Supp. 3d at 840-41 (quoting *Green*, 260 F. App'x at 719-20 (internal citations omitted)).

Similar to *Green*, this Court has determined that summary judgment as to a statute of limitations defense should be denied where (1) an action was initiated with approximately seven months left in the limitations period, to allow for identification of John Doe defendants, and (2) the Fifth Circuit had determined that the plaintiff was entitled to identification discovery, which this Court did not allow prior to summary dismissal. *See Cowart v. Ervin*, No. 3:10-cv-1800-G-BN, 2013 WL 3970790, at *6 (N.D. Tex. Aug. 2, 2013):

> Although Plaintiff did not specifically request the Court's assistance in identifying the unnamed defendants, the Fifth Circuit has encouraged liberal construction of *pro se* pleadings where justice so requires. *See, e.g., Johnson v. Epps*, 479 F. App'x 583, 587-88 (5th Cir. 2012) (indicating that district court should have construed objections to court order, objection

to magistrate judge's findings, and summary judgment response as motions to amend pleadings). Indeed, the Court of Appeals has observed that "[t]he only reason to sue a 'John Doe' is to conduct discovery backed by the authority of the court." *Green*, 260 F. App'x at 719. Here, Plaintiff explained that he was unable to name the "John Doe" defendants but that "the other defendants ... will be identified after discovery has been [received] by plaintiff once summons has been issued by this court." *See* Dkt. No. 6 at Question 6(a). The Fifth Circuit's ruling that Plaintiff "was likely entitled to conduct discovery" prior to dismissal under 28 U.S.C. § 1915A suggests that it considered Plaintiff's interrogatory responses and other conduct as a request for discovery that should have been granted by the Court. *Cowart v. Dallas Cnty. Jail*, 439 F. App'x 332, 333 (5th Cir. 2011) (per curiam). That this Court did not permit discovery prior to summary dismissal indicates that equitable tolling should apply to Plaintiffs claims against Defendants Garrett, Weeks, and Holt. *See Green*, 260 F. App'x at 719-20.

*Id.* (some internal citations modified).

At the opposite end of the diligence spectrum are cases in which a plaintiff waits until a time near the end of the limitations period to file an action against a John Doe defendant and otherwise fails to demonstrate that he has exercised due diligence. In such cases, courts in this circuit have held that the delay in filing prevents a plaintiff from conducting identification discovery during the limitations period (or shortly thereafter) and also generally shows that the plaintiff failed to diligently pursue his claims. *See Gaia v. Smith*, C.A. No. C-09-212, 2011 WL 96578, at *4 (S.D. Tex. Jan. 11, 2011) ("While it is true that plaintiff in this case has acted in good faith and complied with all of the court's orders regarding the filing of discovery and a motion to compel, and while it is also true that plaintiff had no way to obtain the information except from defendants who did not provide him with the information until April 23, 2010, had plaintiff begun his lawsuit in a timely manner, he would have had plenty of time to

conduct discovery and name the John Doe defendants. Instead, plaintiff waited until two months before the statute of limitations ran to file his lawsuit and did not begin to conduct discovery to name the defendants until after the limitations period had expired.").[2]

Here, there is no question that Plaintiff filed this action only weeks before the end of the limitations period. The delay in filing suit weighs against finding that the limitations period should be equitably tolled. But, here, it is not dispositive of the issue, because "the facts and circumstances of [this] particular case" "establish that [Plaintiff] actively pursued his judicial remedies or otherwise acted diligently" prior to filing this action. *Fisher*, 174 F.3d at 713; *Myers*, 464 F. App'x at 349.

For example, Plaintiff's declaration submitted in support of the amended motion for leave to file the second amended complaint [Dkt. No. 126-1 at 87-94], which is incorporated by reference in opposition to this motion for summary judgment, *see* Dkt. No. 190 at 1-2, documents his pursuit of grievances on the county level and, once

---

[2] *See also Spencer v. Doe*, No. 3:10-cv-1801-N-BH, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011) ("While the Fifth Circuit has held that a plaintiff should be given a reasonable time to conduct discovery, Plaintiff did not allow any time for discovery about their identities before the statute of limitations elapsed, and he has not adequately explained why he could not have filed suit earlier. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit discovery of their identities." (citations omitted)); *Gage v. Unknown Dallas Police Officer*, No. 3:11-cv-1599-D-BH, 2011 WL 5979386, at *3 (N.D. Tex. Sept. 22, 2011), *rec. adopted*, 2011 WL 5985595 (N.D. Tex. Nov. 29, 2011) ("[Plaintiff] claims that he filed a complaint with the U.S. Marshal's Service the day after his arrest and that he was initially concerned that the officers would retaliate against him, but he does not explain why he waited almost two years to file his suit." (record citation omitted)); *Nazerzadeh v. Harris County*, Civ. A. No. H-08-0499, 2010 WL 3817149, at *36 (S.D. Tex. Sept. 27, 2010) ("Because Nazerzadeh filed suit so late, he could not conduct discovery into the arresting officers' identities before limitations had run. The record discloses no justification for equitable tolling limitations as to the 'John Doe' officers.")

-13-

transferred to the Texas Department of Criminal Justice, at that level, from July 28, 2010 to June 29, 2011, *see* Dkt. No. 126-1 at 88-91.

As stated above, because Texas's statute of limitations applies, this Court "should also give effect to any applicable [Texas] tolling provisions." *Gartrell*, 981 F.2d at 257; *see also Green*, 260 F. App'x at 720 ("because the Texas statute of limitations is borrowed in § 1983 cases, this court also looks to Texas's equitable tolling principles" (citation omitted)).

> Although Texas law formerly considered imprisonment to be a disability that tolled the running of the statute of limitations, that is no longer the case. Texas courts, however, have developed a common-law tolling rule that tolls the running of the limitations period when a person is prevented from exercising a legal remedy by the pendency of legal proceedings. [The Fifth Circuit has] found that this rule operates to toll the running of the limitations period in cases where a state prisoner is required to exhaust state remedies before proceeding with a claim in federal court.

*Gartrell*, 981 F.2d at 257-58 (citing *Rodriguez v. Holmes*, 963 F.2d 799, 803-05 (5th Cir. 1992); *Jackson v. Johnson*, 950 F.2d 263, 265-67 (5th Cir. 1992) (per curiam)) (citation omitted); *see also Green*, 260 F. App'x at 720 ("Texas permits the tolling of limitations where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings." (citing *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684-85 (5th Cir. 1998) (in turn citing *Jackson*, 950 F.2d at 265))).

In *Gartrell*, the Court of Appeals explained that, "[w]hile it is well-settled that exhaustion of state administrative remedies is generally not a prerequisite to bringing an action pursuant to 42 U.S.C. § 1983, Congress has ... carved out a 'specific, limited exhaustion requirement for adult prisoners,'" such as Plaintiff at the time he filed this

action. 981 F.2d at 258 (quoting *Patsy v. Bd. of Regents*, 457 U.S. 496, 508 (1982)); *see* 42 U.S.C. § 1997e(a); *see also Rogers*, 2014 WL 572376, at *2 ("This 'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002))).

Here, Defendants have already attempted to dismiss this action because they assert that Plaintiff has failed to completely exhaust his administrative remedies. But the Court has determined that Defendants failed to prove beyond peradventure that Plaintiff failed to properly exhaust the administrative remedies that were available to him, and their motion for summary judgment as to the affirmative defense of exhaustion of administrative remedies was denied. *See Rogers*, 2014 WL 572376. Although Defendants have argued that Plaintiff has failed to fully exhaust his administrative remedies, they do not challenge the summary judgment evidence cited above, documenting his pursuit of administrative remedies for at least one year following the incidents. As Plaintiff has declared, under penalty of perjury,

> I was attempting every avenue available to me in order to pursue justice and to have my injuries resolved, but all failed. My original goal had been to have the officers' behavior addressed in order to protect any future inmates from the same abuses. I attempted to report to many agencies that ECDC had no formal policy on the use of force, that the sheriff's informal policies encouraged the excessive use of force, and the officers at ECDC had become accustomed to violating inmates' rights without consequences from superiors. Since nothing I tried had succeeded in over a year, I began to realize that my only option left was to run to the courts for help. Filing a lawsuit was not my first choice and not first attempt at trying to get the situation resolved. It took so long to file because I was running out of time and no agency would help me with the matter.

Dkt. No. 126-1 at 91; *see also id.* at 92-93 (documenting further efforts to identify the John Doe defendants prior to filing suit and after the complaint was filed).

Much like "the erroneous denial of discovery and the subsequent dismissal of his suit as frivolous and by the refusal to provide the name of the officer ultimately identified by the state ... precluded Green's pursuit of his claimed legal remedy" before the expiration of the limitations period, *Green*, 260 F. App'x at 720, the summary judgment evidence supports that Plaintiff's failure to receive responses to his grievances prior to filing this action precluded his pursuit of his claimed legal remedy with sufficient time remaining in the limitations period to realistically purse court-sanctioned discovery to identify the then-unidentified defendants, *cf. Turner v. Moxon*, 5 F.3d 1496, 1993 WL 391626, at *3 (5th Cir. Sept. 30, 1993) (per curiam) ("Because Turner did not exhaust his grievance remedies until after he filed his complaint, his pursuit of those remedies has no effect on the running of the limitations period.").

Plaintiff's summary judgment evidence does not present "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, and in light of Texas's tolling principles – which the Court must consider for a Section 1983 cause of action – the time during which Plaintiff diligently pursued resolution of his claims through the available grievance procedures, which was approximately one year, *see* Dkt. No. 126-1 at 88-91, should not count against him in the Court's calculation of whether the limitations period as to the claims against the six defendants first identified or named in the second amended complaint should be equitably tolled. Once this year is (effectively) credited to Plaintiff, the filing of the complaint just weeks prior to the expiration of the

limitations period does not prevent, for equitable reasons, the identification of the John Doe defendants, and the naming of those defendants, after the limitations period.

Officer Parten was not identified as a John Doe defendant in the complaint filed before the expiration of the limitations period. But the absence of a "placeholder" for this defendant in that complaint does not prevent the application of equitable tolling as to Plaintiff's claims against Officer Parten. For the reasons discussed above, Plaintiff diligently pursued his claims against identified and unidentified employees at the Ellis County jail prior to filing suit in this Court. Had Plaintiff discovered the names of the John Doe defendants during the pre-filing grievances he pursued, he likely would have also discovered Parten's role in the July 27, 2010 incident. Thus, given the heightened diligence that Plaintiff exercised in this action, it would be inequitable for the Court to conclude that the claims against Officer John Doe Nos. 1-5 are equitably tolled because those John Doe defendants match up to five subsequently named defendants but that the claims against Officer Parten are not equitably tolled because Plaintiff, then proceeding *pro se*, filed a more complete original complaint instead of just naming "John Doe Correctional Officers."

Furthermore, while equitable tolling is a discretionary doctrine that courts should sparingly apply, the summary judgment evidence here shows that the Court should not simply mechanically deny the benefit of that doctrine solely based on how close to the running of the limitations period Plaintiff filed this action. That is because the summary judgment evidence shows that Plaintiff was otherwise diligent in pursuit of remedies that he thought (1) would avoid filing this action and (2) were necessary

to the filing of this action.

Therefore, under the facts and circumstances of Plaintiff's case, the Court's analysis of this plaintiff's due diligence is not limited to how soon before the close of the limitations period he began to pursue remedies in this Court. To hold otherwise would too harshly apply the statute of limitations and condone a race to the courthouse, to file bare-bone complaints and bring clearly unexhausted claims.

## Recommendation

The Court should deny the Motion for Summary Judgment on the Issue of Statute of Limitations [Dkt. No. 142]. Additionally, the Court should dismiss the remaining claims against Defendants Jane Doe #1 ("Nurse Kate") and Jane Doe #2 ("Med Tech") pursuant to Federal Rule of Civil Procedure 41(a)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: August 4, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE